**Lorraine K. DE BUTTS, Administratrix of the Estate of Richard J. De Butts, Plaintiff,**

v.

**PRINCE OF FUNDY CRUISES, Defendant.**

**Civ. No. 91–0303–P–C.**

United States District Court, D. Maine.

June 5, 1992.

David Kaplan, The Kaplan Group, Boston, Mass., U. Charles Remmel II, Portland, Me., for plaintiff.

Leonard Langer, Thompson, McNaboe, Ashley & Bull, Portland, Me., for defendant.

## MEMORANDUM OF DECISION AND ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT

GENE CARTER, Chief Judge.

This matter is before the Court on Plaintiff's Motion for Leave to File a Second Amended Complaint (Docket No. 16), filed on May 12, 1992. The Court has today granted Defendant's Motion for Summary Judgment (Docket No. 10), filed on April 24, 1992. The Complaint before the Court at the time that action was taken alleged claims only under the general maritime law. The Motion for Summary Judgment was granted by endorsement on the basis that the Court has concluded that Plaintiff does not dispute that, as a matter of law, there is no genuine issue of material fact generated by the claims asserted in Plaintiff's Complaint or the attempted amendment of that Complaint (*see* Docket No. 8), Plaintiff having how conceded that the only viable claims which Plaintiff may assert herein arise under the Death on the High Seas Act (DORSA), 46 U.S.C. App. §§ 761 *et seq.*, and that its claims for punitive damages and loss of consortium are not cognizable under that statute. *See* Docket No. 16, at 3.

Plaintiff asserts that the claims asserted under the general maritime law up to this point were "inadvertently filed." She now seeks leave to file an amended complaint setting forth claims under the Death on the High Seas Act.

The Court has carefully reviewed this file in its entirety and is aware that Plaintiff's counsel initially pursued the claims asserted herein by an action commenced in the District of Massachusetts which also asserted claims arising under the general

maritime law. That action was dismissed for lack of *in personam* jurisdiction over Defendant.

The present Complaint was then filed in this district on October 7, 1991. The second case has gone through considerable motion practice, and significant discovery has been conducted which has resulted in the filing, on April 24, 1992, of Defendant's Motion to Dismiss and/or for Summary Judgment (Docket No. 10). On that same date, Plaintiff filed a Motion for Leave to File an Amended Complaint, which was aimed at further pursuit of the claims *asserted under the general maritime law* on the basis of diversity of citizenship, a ploy which the Court declined to countenance by its endorsement of June 4, 1992.

This Defendant has had repeated opportunities in the course of this litigation, with only nominal analysis of the factual matrix generating any viable claims Plaintiff may have, to reach what seems to the Court to be the obvious conclusion that the only such claims arise under the Death on the High Seas Act. The Court notes that Plaintiff's counsel is experienced admiralty counsel. The Court finds it absolutely inconceivable that counsel, over a period of two civil actions, the latest of which has now been pending for eight months, could have failed, for any good reason, to identify the proper legal basis and theories for Plaintiff's claims. The failure to do so can only be due to gross professional negligence or profound inattention to the management of this case, or both. The consequence of that professional conduct has led this Defendant to defend two actions, to conduct discovery, to file motions, and now to face the prospect of a complete reorientation of the liability basis of the claims asserted in this second case.

This Court recognizes that under *Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962), leave to amend shall be freely given when justice so requires. Suffice it to say that, in the view of this Court on this record, justice does not require that Defendant be put to further burden because of the inept performance of Plaintiff's counsel in this matter. *Foman* permits the denial of motions to amend where they would occasion undue delay and would, in essence, sanction repeated failure to cure deficiencies in the performance of counsel or a litigant. This matter has now progressed to the point where under the Scheduling Order entered on October 30, 1991 (Docket No. 4), some seven and one-half months ago, the date for completion of discovery passed on April 24, 1992, dates for the designation of experts by the parties passed on February 14 and March 27, 1992, respectively, and the matter is required to be in order for trial this month or as soon thereafter as the matter may be reached on the docket of the Court. The Scheduling Order also prescribed deadlines for exhaustion of settlement discussions which passed in February of this year. The Scheduling Order specifically notes "The matter will be ready for trial as soon after April 30, 1992 as the Court's calendar permits."

Because of the gross negligence and profound inattention to the management of this case of Plaintiff's counsel, Plaintiff seeks leave to commence at this late date a new action and to put both Defendant and the Court to the burden of suffering through what would be, at best, counsel's now procedurally proficient attempt to assert a claim that should have been perfectly apparent to counsel many months ago.

In these circumstances, the Court concludes that justice does not require that the amendment be permitted. The Defendant's motion is hereby GRANTED, and it is ORDERED that the Court's endorsement on the Motion for Summary Judgment control the fate of this case.